```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


BROADCAST MUSIC INC. et al.    *
                               *
v.                             *   Civil Action No. WMN-16-399
                               *
SANTORO, INC. d/b/a CASEY'S    *
BAR & RESTAURANT et al.        *
                               *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**MEMORANDUM**

On March 9, 2016, the Clerk entered orders of default as to Defendants Santoro, Inc. and Theresa Santoro on a finding that Defendants were properly served and yet failed to respond to the Complaint within the time permitted.  ECF Nos. 9 & 10. Plaintiffs have now filed a motion for default judgment.  ECF No. 11.  Having considered the pleadings, declarations, exhibits, and memorandum submitted in support of the motion, the Court finds that the motion should be granted and Plaintiffs awarded $15,000.00 in statutory damages, $3,300.00 in attorney's fees, and $500.00 in costs.

In light of Defendants' default, the Court finds that Defendants knowingly and intentionally infringed upon the copyrights of five musical compositions owned and/or licensed by Plaintiffs.  The Court finds that an award of statutory damages in the amount of $3,000.00 for each of the infringements is appropriate, for a total award of $15,000.00.  This is an amount

equal to approximately twice that which Defendants would have paid and Plaintiffs would have received in licensing fees. See Broadcast Music, Inc. v. Star Amusements, Inc., 44 F.3d 485, 488, 489 (7th Cir.1995) (upholding the statutory award of nearly two times what the copyright registration fees would have been); Canopy Music Inc. v. Harbor Cities Broadcasting, Inc., 950 F. Supp. 913, 917 (E.D. Wis. 1997) (statutory award of $4,000 for each of ten willful infringements reasonable where the $40,000 total award was less than twice the amount of $22,969.76 defendant would have otherwise paid in licensing fees). Given the relatively small size of Defendants' establishment,[1] the Court finds that damages of this magnitude would sufficiently discourage further wrongful conduct.

As for attorney's fees, Plaintiffs' counsel represents that "[a]ll of the work that [he] do[es] for [his] clients is based upon an hourly charge." Aff. of Max Stadfeld ¶ 7, ECF No. 12-1. He then details the hours worked on this case (ten) and his hourly rate ($330). He then concludes, however, that "[a]lthough the hourly fees incurred through April 12, 2016 total $3,800,[2] Offit Kurman will charge BMI, and BMI will pay,

---

[1] On one of the occasions that Plaintiffs' investigator visited the establishment, the investigator and his guest were the only two customers for most of the evening. ECF No. 11-2.

[2] Properly calculated, of course, the hourly fees are $3,300.00. Counsel in his affidavit incorrectly added the $500.00 in costs

$6,000.00 for serviced performed through April 12, 2016 (and, thereafter, through the filing of the Motion for Default Judgment), plus the costs of $500.00." Id. ¶ 11.  While Plaintiffs' counsel may have negotiated to receive some premium from this client, the Court finds the more appropriate measure of reasonable attorney's fees is the calculation based upon counsel's typical hourly rate.  Pursuant to 17 U.S.C. § 505, the court may award "a reasonable attorney's fee" as well as costs.

A separate Order consistent with this Memorandum will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED:   April 19, 2016

---

to his hourly fee, resulting in a double counting of those costs.  See ECF No. 12-1.

3